# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51780

STATE OF IDAHO, )
                                         )

Plaintiff-Respondent, )

v. )

ROLANDO PAZ FUENTES, )

Defendant-Appellant. )
)

**Filed:  September 2, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Annie O. McDevitt, District Judge.

Judgment of conviction and unified sentence of twenty-eight years with a minimum period of confinement of eight years for aggravated battery with a deadly weapon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Rolando Paz Fuentes was found guilty of aggravated battery with a deadly weapon, Idaho Code §§ 18-903(a), 18-907(1)(b), 19-2520.  Fuentes admitted to being a persistent violator, I.C. § 19-2514.  The district court imposed a unified term of twenty-eight years with eight years determinate.  Fuentes filed an Idaho Criminal Rule 35 motion which the district court denied.[1] Fuentes appeals, contending that his sentence is excessive.

---

[1] The order denying Fuentes' Idaho Criminal Rule 35 motion is not at issue on appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Fuentes' judgment of conviction and sentence are affirmed.